**RESOLUTION TRUST CORPORATION,** Plaintiff–Appellee

v.

**Joseph A. FRATES, Thorn Huffman John E. Deas, David L. Fist, C. Michael Barkley, and Robert Westfield, Defendants–Appellants.**

No. 94–5126.

United States Court of Appeals, Tenth Circuit.

April 11, 1995.

Williams R. Turnbow (Joseph D. Booz, Resolution Trust Corp., Overland Park, KS, with him on the brief), and Hershner, Hunter, Moulton, Andrews & Neill, Eugene, OR, for plaintiff-appellee Resolution Trust Corp.

Frederic Dorwart (J. Michael Medina, with him on the brief), Holliman, Langholz, Runnels & Dorwart, Tulsa, OK, for defendant-appellant Joseph A. Frates.

Thorn C. Huffman, San Antonio, TX, on the brief pro se as defendant-appellant.

Frank H. McCarthy, Barkley, Rodolf & McCarthy, Tulsa, OK, on the brief for defendant-appellant C. Michael Barkley.

James W. Tilly and Ann P. Dooley, Tilly & Ward, Tulsa, OK, on the brief for defendant-appellant David L. Fist.

John E. Deas, Tulsa, OK, on the brief pro se as defendant-appellant.

John D. Clayman, Levinson & Smith, Tulsa, OK, on the brief for defendant-appellant Robert Westfield.

W.W. Reeves and Tim W. Miller, Reeves, Murdock & Gifford, Casper, WY, on the brief for amicus curiae Provident Directors.

Before MOORE and BRORBY, Circuit Judges; and ALSOP, Senior District Judge.*

JOHN P. MOORE, Circuit Judge.

The Resolution Trust Corporation filed this action on behalf of State Federal Savings and Loan Association, a failed federally chartered thrift association, against the former directors of State Federal, alleging negligence, gross negligence, and breach of fiduciary duty. Defendants answered, raising an affirmative defense that they could not be held liable for simple negligence. The district court granted the RTC's motion to strike that defense and certified this interlocutory appeal to resolve the question. We reverse.

■ The issue is whether 12 U.S.C. § 1821(k) supersedes "federal common law," making defendants liable only for gross negligence.[1] This is a pure question of law; therefore, our review is de novo. Estate of Holl v. Commissioner, 967 F.2d 1437, 1438 (10th Cir.1992).

The relevant statute provides:

A director or officer of an insured depository institution may be held personally liable for monetary damages ... for gross negligence, including any similar conduct or conduct that demonstrates a greater disregard of a duty of care ... including intentional tortious conduct, as such terms

are defined and determined under applicable State law. Nothing in this paragraph shall impair or affect the right of the Corporation under other applicable law.

12 U.S.C. § 1821(k). Whether this enactment has superseded federal case law predicating liability upon simple negligence has been decided already by three of our sister circuits. RTC v. Gallagher, 10 F.3d 416 (7th Cir.1993); RTC v. Miramon, 22 F.3d 1357 (5th Cir.1994); FDIC v. Bates, 42 F.3d 369 (6th Cir.1994). Those cases convincingly resolve the issue, and we see no reason to split the circuits on this question. We therefore join them.

The Corporation suggests the circuits are already split because of this court's holding in FDIC v. Canfield, 967 F.2d 443 (10th Cir.1992) (en banc). We disagree principally for the reason Canfield rests on a different fundament.

In Canfield we dealt with whether § 1821(k) preempted state law. Id. at 445. That inquiry is directed by a different test and points up why the district court went astray in this case.

■ Preemption involves "the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." Jones v. Rath Packing Co., 430 U.S. 519, 525, 97 S.Ct. 1305, 1309, 51 L.Ed.2d 604 (1977) (quoting Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947)). Preemption "may be found from a 'scheme of federal regulation so pervasive as to make reasonable the inference that Congress left no room to supplement it.'" Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Dev. Comm'n, 461 U.S. 190, 204, 103 S.Ct. 1713, 1722, 75 L.Ed.2d 752 (1983) (quoting Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta, 458 U.S. 141, 153, 102

---

* The Honorable Donald D. Alsop, Senior District Judge for the United States District Court for the District of Minnesota, sitting by designation.

1. The district court viewed the question as one of preemption, but that is not correct. "Preemption" is the term normally applied to the doctrine

that federal laws, under the force of the Supremacy Clause, "take precedence over state law." Black's Law Dictionary 1177 (6th ed. 1990). Unfortunately, the miscategorization led the court astray because it permitted use of inapplicable authority resulting in the wrong conclusion, as we shall discuss.

S.Ct. 3014, 3022, 73 L.Ed.2d 664 (1982)). In contrast, supersession involves the less rigorous test of whether Congress "spoke directly" to the matter in the statutory enactment. *Milwaukee v. Illinois,* 451 U.S. 304, 315, 101 S.Ct. 1784, 1791–92, 68 L.Ed.2d 114 (1981). Moreover, as the Fifth Circuit has pointed out, "it is for Congress, not federal courts, to articulate the appropriate standards to be applied as a matter of federal law." *Miramon,* 22 F.3d at 1360 (quoting *Milwaukee,* 451 U.S. at 317, 101 S.Ct. at 1792–93). To supersede authority previously established by federal judicial ruling, Congress need not affirmatively proscribe that authority, but may do so simply by speaking directly to the issue. *Milwaukee,* 451 U.S. at 313–15, 101 S.Ct. at 1790–91.

We did not address the issue of supersession by statute in *Canfield.* We held § 1821(k) does not preempt state law simple negligence claims against directors and officers of failed institutions. Because the tests of preemption and supersession are different, there is no reason why *Canfield* must dictate the result here.

Applying the more lenient test required by supersession analysis, we believe *Gallagher, Miramon,* and *Bates* have correctly resolved the issue we are called upon to decide here. Congress has spoken directly to the standard of negligence issue, and we see no reason to depart from or add to the analysis adopted by those courts.[2]

The judgment of the district court is *RE-VERSED.* The case is *REMANDED* for further proceedings.

ALSOP, Senior District Judge, specially concurring.

I CONCUR in the majority opinion, but write separately on the rationale for its conclusion.

The Seventh Circuit in *RTC v. Gallagher,* 10 F.3d 416 (7th Cir.1993), the Fifth Circuit in *RTC v. Miramon,* 22 F.3d 1357 (5th Cir. 1994), and the Sixth Circuit in *FDIC v. Bates,* 42 F.3d 369 (6th Cir.1994) do not draw a distinction between the term "preemption" and the term "supersession" as is done here by the majority. In discussing the circumstances where federal legislation abrogates federal common law these circuits expressly rely on a preemption analysis. I agree with the majority that it is more accurate to use supersession when describing this issue, but I cannot agree that the other circuits have used supersession as the basis for their conclusions.[1] Regardless of whether supersession or preemption is used, the *Gallagher, Miramon,* and *Bates* opinions do apply the more lenient test used to override federal common law employed by the majority. The difference between our sister circuits' opinions and the opinion in the instant case, therefore, is one of semantics and not one of reasoning. I believe it will be helpful in the future for attorneys and courts to follow Judge Moore's lead and use the term "supersession" in cases where federal statutes are claimed to have abrogated earlier federal statutes or common law, and reserve the term "preemption" to circumstances where it is alleged federal law overrides state law.

2. In a Parthian shot, the Corporation argues this result is contrary to *FDIC v. Appling,* 992 F.2d 1109 (10th Cir.1993), to which we are bound. *Appling* merely held a jury instruction holding directors to the standard of an "ordinarily prudent and diligent bank director" was proper for a claim based on § 1821. *Id.* at 1113. The case did not, however, address the point of concern here and is therefore inapposite.

1. Nor can I agree that the District Court was lead "astray" by the term preemption. Our sister circuits used the term preemption and we rely heavily on their reasoning. In addition, one should note the circuit court decisions in both *Miramon* and *Bates* were entered after the district court's decision, and *Gallagher* was filed only 6 days prior to the district court's decision. The district court, therefore, made its ruling without the guidance of the three circuit court opinions which are now available to us.